In re Richard J. DIMMINGS and Vickie R. Dimmings, Debtors.

No. 07–18176.

United States Bankruptcy Court, N.D. Ohio, Eastern Division.

April 7, 2008.

200

Jonathan I. Krainess, Cleveland, OH, for Debtors.

### *MEMORANDUM OF OPINION AND ORDER DENYING MOTION TO RECONSIDER ORDER DENYING MOTION FOR RELIEF FROM STAY*

PAT E. MORGENSTERN–CLARREN, Bankruptcy Judge.

Green Tree Servicing LLC moves this court to reconsider its decision denying an amended motion for relief from stay to proceed with a state court foreclosure.[1] Because, despite three chances, the movant has failed to show that it holds a perfected security interest in the debtors' residence that would allow the movant to foreclose on the property in state court, the motion is denied.

---

1. Docket 38.

## BACKGROUND

■ The filing of a bankruptcy case creates, in most instances, an automatic stay that bars creditors from taking certain actions. *See* 11 U.S.C. § 362. A creditor with a perfected lien interest in collateral owned by a debtor who has defaulted on an obligation to that creditor is, however, generally entitled to relief from stay to pursue its remedies in state court.

In 1999, as part of the court's strategic planning effort and with input from the bar, the United States Bankruptcy Court for the Northern District of Ohio adopted uniform forms for certain standard filings, including motions for relief from stay in chapter 13 cases in which a secured creditor seeks to foreclose its lien interest outside of the bankruptcy court. *See* General Order 99-1. Among other things, the relief from stay form requires the movant to provide evidence of these critical components of the claim: the original transaction, perfection of the lien interest, any transfers of the interest to prove that the movant is the real party in interest, the nature of the debtor's default or other grounds supporting relief, and the names of any other parties with an interest in the collateral so that they have notice and an opportunity to be heard with respect to the motion. The accompanying worksheet requires the movant to provide additional details about the total indebtedness, post-petition amounts owed by the debtor, the collateral and its fair market value, and other loan data.

The judges adopted the form and worksheet so that attorneys would know what to include in motions for relief from stay filed in this district, as well as to facilitate the judges' review of the motions. The overall goal is to streamline the legal process, saving time and unnecessary expense for all concerned, while insuring that relief is granted only to those entitled to it. To that end, each movant is expected to provide complete information showing it is entitled to relief at the time the motion is filed. *See* FED. R. BANKR. P. 9011(a) and (b).

## FACTS

This case is a classic example of what happens when a motion for relief from stay is filed hastily and without adequate input from, and review by, an experienced attorney. While the filer in this case is Green Tree Servicing LLC, it is by no means the only entity to repeatedly file a motion that is deficient. In a district that consistently has one of the largest case filings in the country, this is a serious problem for the administration of justice.[2]

### The Chapter 13 case

Richard Dimmings and Vickie Dimmings filed this chapter 13 case on October 26, 2007.

### The First Motion for Relief from Stay [3]

On January 29, 2008, "Green Tree Servicing LLC fka Conseco Finance Servicing Corp." filed a motion for relief from stay. The motion states that on December 7, 1995, Richard and Vickie Dimmings obtained a loan from movant in the amount of $11,030.00 secured by an Open–End Mortgage granting it a lien on the debtors' residence located at 13822 Caine, Cleveland, Ohio. The movant continues that it perfected its lien by filing the mortgage in the Cuyahoga County recorder's office on

---

**2.** There were 16,642 motions for relief from stay filed in the Northern District of Ohio in calendar year 2007. Statistics available from the Clerk of the United States Bankruptcy Court, Northern District of Ohio.

**3.** Docket 27.

December 14, 1995. The movant goes on to state that National City Bank holds a $30,000.00 first lien on the property.[4] The movant also states that it is currently owed $12,771.53 on the note, plus interest at 13.09% per annum from October 26, 2007. The movant states further that "the assessed value of the [residence] is $22,000 with a market value of $63,000."

The movant should have, but did not, identify all transfers of the loan obligation.[5] The movant should have, but did not, state the priority held by its own lien.

The attached worksheet also states incorrectly that the movant made the loan. It states further that the principal amount of the debt is $12,771.53 and the face amount of the loan is $11,030.00. Those statements are not reconciled with each other.

The documents attached to the motion show that the motion has multiple inaccuracies:

(1) This is how the transaction actually originated: On December 7, 1995, the Dimmings entered into a Home Improvement Retail Installment Contract and Security Agreement (the contract) with Quality Remodelers to finance the purchase of windows for their house.[6] The contract stated that the Dimmings were giving Quality Remodelers a security interest in the windows and in the Dimmings's residence. The Dimmings agreed to pay $11,101.80 to Quality Remodelers at 12.99% interest, in 300 monthly payments of $125.13. The payment due date is stated as "Monthly Beginning Apprx 30 Days from Disbursement Date 'e'. First payment may be slightly larger/smaller due to a longer/shorter payment period." At a different point in the document, it states " 'e' means an estimate."

(2) Quality Remodelers assigned the contract to Green Tree Financial Servicing Corporation.[7]

(3) The Dimmings also gave Quality Remodelers an Open–End Mortgage on their home to secure their obligations under the contract. There is no evidence that either Quality Remodelers or Green Tree Financial Servicing Corporation perfected the security interest granted by the mortgage by filing it with the county recorder.

### The Court's Order of February 22, 2008

The movant set the motion for hearing on February 26, 2008. Because of the errors in the motion, the court adjourned the hearing and gave the movant leave to file an amended motion[8] For additional guidance, the court referred the movant to the court's memorandum of February 12, 2008. This memorandum, which was distributed to all attorneys on the ECF system and is posted on the court's web site, addresses common errors made by movants filing motions for relief from stay.

### The Amended Motion for Relief from Stay[9]

On February 26, 2008, a different movant—"Green Tree Servicing LLC fka Conseco Finance Servicing Corp. by Assignment from Quality Remodelers"—filed an

---

**4.** National City Bank was not served with the motion.

**5.** The paragraph addressing transfers does not have any useful information because the individual who prepared it used a computer format that required making certain choices, but no choices were made.

**6.** Unlabeled exhibit attached to the motion, titled "Home Improvement Retail Installment Contract and Security Agreement."

**7.** *Id.* at bottom of page 3.

**8.** Docket 31.

**9.** Docket 33.

amended motion for relief from stay. The amended motion states that:

(1) The Dimmings obtained a loan from the movant in the amount of $11,030.00, as evidenced by a note attached as exhibit A.

There is no note attached as exhibit A. Exhibit A is an unrecorded Open–End Mortgage.

(2) To secure payment of the note, the Dimmings executed a mortgage giving a lien on their residence, which lien was perfected by filing it on December 14, 1995 in the Cuyahoga County recorder's office as evidenced by exhibit B.1.

There is no exhibit B.1 attached. There is, however, an exhibit B which is the contract. The mortgage is actually attached to the amended motion as Exhibit A, but again there is no evidence that the mortgage was recorded.

(3) The movant holds a second lien on the real estate, with National City Bank holding the first lien.[10]

(4) The note and security agreement were transferred as follows:

"[O]n December 7, 1995 to Green Tree Financial Servicing Corp. The transfer is evidenced by the Ohio Mortgage Assignment attached to this Motion as Exhibit D."

Exhibit D is an Ohio Mortgage Assignment which assigns the contract and the mortgage from Quality Remodelers to Green Tree Financial Servicing Corporation. There is no evidence that the mortgage assignment was recorded. To the contrary, at the bottom it states "The

above referenced Mortgage was recorded in Book _____, on Page _____."

"[O]n June 9, 2001, to Conseco Finance Servicing Corp. The transfer is evidenced by the Certificate of Conversion attached to this Motion as Exhibit E."

Exhibit E is a Delaware certificate stating that it is filed to convert a corporation to a limited liability company as of June 9, 2003. The rest of the certificate is illegible, even with the benefit of a magnifying glass. In any event, the motion does not explain how a conversion in June 2003 supports the statement that Green Tree Financial Servicing Corporation transferred the contract and mortgage to Conseco Finance Servicing Corp. on June 9, 2001.

"[O]n June 9, 2003, to Green Tree Servicing LLC. This transfer is evidenced by the Certificate of Formation attached to this Motion as Exhibit F."

Exhibit F is a Delaware certificate that states that Green Tree Servicing LLC is formed as of June 9, 2003. This is not a transfer of an interest in the contract and the mortgage from Conseco Finance Servicing Corp. to Green Tree Servicing LLC.

In sum, the documents attached to the amended motion showed that Green Tree Financial Servicing Corporation holds the note and mortgage, and that it had failed to perfect its lien interest in the property.[11] As a result, on March 10, 2008, the court entered an order denying the amended motion for relief.[12]

***The motion to vacate the court's March 10, 2008 order[13]***

On March 18, 2008, yet another movant—this time just "Green Tree Servicing

---

10. The movant again failed to serve the amended motion on National City Bank.

11. The amended motion also continued to assert that the Dimmings's residence has an assessed value of $22,000.00 with a market

value of $63,000.00. One or the other of these numbers is likely inaccurate.

12. Docket 36.

13. Docket 38.

LLC"—filed a motion to vacate and reconsider the order denying its motion for relief from stay. In support, the movant states that "the documents attached to Green Tree's Amended Motion for Relief from Stay *as well as an additional document being attached hereto* demonstrate that Green Tree Servicing LLC is in the chain of title." (Emphasis added).

This time, the movant states:

(1) The Dimmings "entered into an Open–End Mortgage with Quality Remodelers dated December 7, 1995. See attached Exhibit A."

Exhibit A is, yet again, an unrecorded copy of an Open–End Mortgage. This time, the movant does not make any reference to, or attach, the contract that is the underlying obligation.

(2) "On October 1, 1999, Green Tree Financial Servicing Corporation legally changed its name from Green Tree Financial Servicing Corporation to Conseco Finance Servicing Corporation. See exhibit C. (This document was not attached to the Amended Motion for Relief from Stay.)"

Exhibit C is, in fact, such a certificate of amendment. There is, however, still no documentation that Quality Remodelers perfected its security interest before assigning it to Green Tree Financial Servicing Corporation or that the latter perfected its security interest after the transfer or even that Conseco Finance Servicing Corp. perfected a security interest in the mortgage after the name change.

(3) "On June 9, 2003 Conseco Finance Servicing Corp. filed a Certificate of Conversion converting the name of the Limited Liability Company from Conseco Finance Servicing Corp. to Green Tree Servicing LLC. See attached Exhibit D."

There is no document labeled exhibit D attached. And there is no explanation for what the reference to "the Limited Liability Company" means; the reference immediately above it is to "Conseco Finance Corporation" which by definition is not a limited liability company.

(4) "Conseco Finance Servicing Corporation filed [a] Certificate of Formation of Green Tree Servicing LLC with the Secretary of State of the State of Delaware on June 9, 2003. See attached Exhibit E."

Exhibit E states that, effective June 9, 2003, a limited liability corporation known as Green Tree Servicing LLC was formed. There is no reference in this document to Conseco Finance Servicing Corporation.

Green Tree Servicing LLC concludes from all of this that "the attached documents clearly demonstrate that it is in the chain of title and has a properly perfected security interest in the real estate which is the subject of its Motion for Relief from Stay."

### *RULE 59 STANDARD*

 Green Tree Servicing LLC's motion to vacate the court's order does not state a specific legal basis. The court will, therefore, review it under federal rule of civil procedure 59(e) which provides that a party may move to alter or amend a judgment within 10 days after the judgment is entered. FED. R. CIV. P. 59(e), made applicable by FED. R. BANKR. P. 9023. "A motion under Rule 59(e) is not an opportunity to re-argue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler,* 146 F.3d 367, 374 (6th Cir.1998). "Motions to alter or amend judgment may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *GenCorp, Inc. v. Am.*

*Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir.1999) (internal citations omitted).

### DISCUSSION

■■■1] Green Tree Servicing LLC contends that relief from stay is appropriate, but the facts show otherwise. A party seeking relief from stay to pursue a security interest in collateral must show that it has an interest in that collateral at the time the motion is filed. *See* General Order 99–1; *see also In re Foreclosure Cases,* No.1:07CV2282, 2007 WL 3232430 (N.D.Ohio Oct.31, 2007) (noting that lenders in foreclosure actions are required to demonstrate that they hold and own the mortgage as of the filing of the complaint in foreclosure). The documents attached to the amended motion do not meet that standard and fail to show that any entity had a perfected security interest in the real estate at issue. Quality Remodelers held a mortgage, but there is no evidence that it perfected its security interest by filing the mortgage with the county recorder's office. The documents show that Quality Remodelers transferred the contract and the mortgage to Green Tree Financial Servicing. There is no evidence, however, that Green Tree Financial Servicing perfected its security interest by recording it with the county recorder's office. Movant asserted that it has a duly filed lien on the debtors' residence, however, its pleadings do not support that assertion. The movant did not, therefore, show a basis for relief from the court's decision to deny the amended motion for relief based on clear error of law, an intervening change in controlling law, or to prevent manifest injustice.

■■■ Moreover, Green Tree Servicing LLC did not show that it is entitled to relief based on newly discovered evidence. As noted above, a motion to reconsider is not an opportunity to make a better case than one made the first time, unless the additional evidence is newly-discovered. The additional document offered does not fall into that category. Even if the court considers it, however, it still does not show that Green Tree Servicing LLC is entitled to relief from stay because the new document does not show that the movant holds a security interest in the collateral that, as claimed, is perfected by recording. Additionally, while the movant attached several corporate certificates, they do not show that the assets of Green Tree Financial Servicing were transferred, assigned, or otherwise legally became the property of Green Tree Servicing LLC. The court also notes that the motion, the amended motion, and the motion to vacate are all defective for these additional reasons: the party holding the first lien was not served with any of the motions, thus depriving it of the opportunity to represent its own interest in this proceeding; the statements about the amounts that are allegedly due and owing are inconsistent; the debtors' house is listed as having an assessed value of $22,000 with a market value of $63,000, which seems unlikely; and the worksheet shows that the movant claims that the *principal* amount due is higher than the face amount of the loan, which at a minimum requires some explanation. Therefore, even considering the additional document attached to the motion to vacate, the movant still failed to show that it is entitled to relief from stay.

\* \* \*

■■■ Since 1999, creditors who file motions for relief from stay in this district have had notice of what should be included in the motion. It is the creditor's responsibility to file a motion that, when filed, clearly sets forth its right to relief from stay and that supports all claims with documentation. The court should not have to

wade through a mass of information, accompanied by illegible, irrelevant, unmarked or incorrectly marked documents to try to piece together why a movant is filing a motion.

This decision to deny the motion to reconsider is without prejudice to the appropriate secured creditor starting the process anew by filing a new (not an amended) motion for relief from stay, properly supported by information and documentation, establishing that it is entitled to relief from stay.

IT IS SO ORDERED.